OPINION OF THE COURT
Per Curiam.
Order entered July 17, 2001 affirmed, with $10 costs.
The action was properly dismissed since plaintiff Interbank of New York, having made payment on the fraudulently issued demand drafts or “telechecks” drawn on its customer’s account, is accountable for the amount of the instruments and may not seek recoupment against the defendant depositary bank in the absence of a showing that the latter breached its warranty of presentment (see, 2 Brady, Bank Checks ¶ 28.04; see also, Manufacturers & Traders Trust Co. v County Trust Region of Bank of N.Y., 59 AD2d 645 [1977]; Fromer Distribs. v Bankers Trust Co., 36 AD2d 840 [1971]). It does not avail plaintiff that the demand drafts merely bore the printed notation “verbally authorized by your [i.e., plaintiff’s] depositor” and were unsigned. Such a draft, even if not a negotiable instrument (see, UCC 3-104 [1]; Garden Check Cashing Serv. v First Natl. City Bank, 25 AD2d 137 [1966], affd 18 NY2d 941 [1966]), clearly qualifies as an “item” (see, UCC 4-104 [1] [g]) subject to the final payment and warranty provisions of UCC article 4 (see, UCC 4-207 [1]; 4-213 [1]). If an exception to the existing UCC framework is to be carved out with respect to drafts of the type here involved, such a departure must be made by the Legislature rather than by the court (see, by way of illustration, Cal Com Code § 3104 [k], Historical and Statutory Notes, at 177-178).
Suarez, PJ., Davis and Gangel-Jacob, JJ., concur.